## |TODD *against* M'CULLOCH.

A *fieri facias* levied upon land, will not prolong the lien of the judgment upon *other* land, beyond the period of five years.

ERROR to the Common Pleas of *Mifflin* county.

This was a feigned issue in which *Thomas Todd*, administrator of *Thomas Beale*, deceased, was plaintiff, and *George M'Culloch* was defendant, directed by the Court of Common Pleas, to try the right to the proceeds of the sale of the real estate of *Robert Burns*, which was sold by the sheriff of *Mifflin* county.

The material facts which gave rise to the question of law argued, were these: *Robert Burns* being the owner of land in *Fermanah* township and also of other lands in *Wayne* township, judgments were obtained against him in 1819 by the *Huntingdon Bank* and by *Brown* and *Dixon*. Writs of *fieri facias* were issued upon these judgments in 1819, which were levied upon the land in *Fermanah* township, upon which there was a mortgage. In 1822, this land was sold by the Sheriff and the proceeds applied to the payment of the mortgage. In 1826, writs of *scire facias* were issued to revive these judgments, upon which, judgments were obtained in 1829:—upon these two judgments the defendant claimed the money. In 1826, *Thomas Beale*, the plaintiffs intestate obtained a judgment against *Robert Burns*, upon which a *fieri facias* issued, which was levied upon the lands in *Wayne* township; and they were subsequently sold in 1827, and the proceeds brought into court for appropriation. This money each of the parties to this issue claimed: and the question which was presented to the court, was, whether the issuing of the writs of *fieri facias* upon the judgments of the *Huntingdon Bank* and *Brown* and *Dixon*, and the levies made upon the land in *Fermanah* township, would preserve the lien of those judgments upon the lands in *Wayne* township. The court below, was of opinion that it would, and so instructed the jury, who accordingly, found for the defendant.

The same question was argued here.

*J. Fisher*, for plaintiff in error, whom the court declined to hear.

*Huling* for defendant in error, argued, that the decision of the court below was fully supported by the case of *Pennock* v. *M'Kissin*, 13 *Serg. and Rawle*, 148; and the case of *Betz's Appeal*, 1 *Penn'a. Rep.* 271, did not militate against the principle there established: for in the latter case, the levy was on personal property, which fact characterized that case, and it was ruled upon the presumption of satisfaction: That in the case before the court,

(Todd *v.* M'Cullough.)

there was no room for such a presumption, nor was it alleged. That the requisitions of the act, requiring a *scire facias* to issue, were for the protection of purchasers: this is a contest between judgment creditors.

PER CURIAM.—This cause was tried before the determination of *Betz's Appeal,* 1 *Penn, Rep.* 271 by which it seems to have been established, substantially if not in terms, that the lien of a judgment is preserved by an execution, only as regards the land levied. Lands are chattels for payment of debts; and the lien by which they are to be bound for more than the five years without a *scire facias,* seems to be that which the common law attributes to an execution rather than the lien of the judgment. At all events, it was there determined, that a levy of goods will not prolong the lien as to land; and on the same principle a levy of *other* land can have no greater effect than the levy of any other chattel. The decision of the court below, is therefore not supported.

Judgment reversed and a *venire de novo* awarded.